IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH LOLLIS,

       Petitioner,                      No. CIV S-09-3558 MCE GGH P

    vs.

J.W. HAVILAND, et al.,

                                ORDER &amp;
                                FINDINGS AND RECOMMENDATIONS
       Respondents.

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the court is petitioner's motion for a stay. Doc. 14. A motion to dismiss for failure to exhaust certain claims and not stating proper federal claims is also pending. Doc. 11.

        The undersigned has reviewed both the motion for a stay and the motion to dismiss. A forthcoming findings and recommendations will address the motion to dismiss and petitioner's claims in the petition. However, resolution of the request for a stay is necessary to determine if the petition will proceed on the exhausted claims or if this action will be stayed.[1]

        Petitioner seeks a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), in order to exhaust his unexhausted claims. In Rhines, the United States Supreme Court

---

[1] The court notes that petitioner has not identified which are the unexhausted claims he seeks to exhaust in state court. In his opposition to the motion to dismiss he contended that his claims were exhausted.

found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Id. at 277-78.

Other than simply requesting a stay pursuant to Rhines, petitioner has set forth no facts to demonstrate good cause for his failure to exhaust. A Rhines stay is only available in limited circumstances, but petitioner has failed to show that it is appropriate in this case.

Though not requested by plaintiff, the court will also construe petitioner's motion to be a request for a stay under King/Kelly (King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)).

In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious.

It appears that petitioner may have sufficient time to be able to exhaust his unexhausted claims. However, no statute of limitations protection is imparted in a King/Kelly stay, nor are exhausted claims adjudicated during the pendency of such a stay. Nor is the undersigned making any determination, at this time, that petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.

As will be set forth in the findings and recommendations concerning the motion to

1  dismiss, petitioner's First Amendment claim is unexhausted and appears to state a proper claim
2  for federal habeas relief.[2]  However, the exact nature of petitioner's First Amendment claim is
3  hard to discern from the petition.  Petitioner may only exhaust a claim relating to the BPH
4  denying his parole for failure to complete religious based programs, if that is what in fact
5  occurred.  Petitioner may not bring a claim seeking prospective injunctive relief for a future
6  parole hearing.

7  Within 14 days of service of this order petitioner shall inform the court if he
8  wishes to proceed with a stay pursuant to King/Kelly to exhaust his First Amendment claim.

9  Accordingly, IT IS HEREBY ORDERED that within 14 days of service of this
10 order, petitioner shall inform the court if he wishes to proceed with a stay pursuant to King/Kelly.

11 IT IS HEREBY RECOMMENDED that plaintiff's motion for a stay pursuant to
12 Rhines be denied.

13 These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18 shall be served and filed within seven days after service of the objections.  The parties are
19 advised that failure to file objections within the specified time may waive the right to appeal the
20 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 DATED: July 29, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
loll3558.sta

---

[2] The undersigned found two of plaintiff's claims unexhausted, but the other unexhausted claim concerning BPH violating its own regulations fails to state proper federal claim.

3