IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH LOLLIS,

    Petitioner,                        No. CIV S-09-3558 MCE GGH P

    vs.

J.W. HAVILAND, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

    _____/

I. Introduction

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the court is respondent's motion to dismiss certain claims for failure to exhaust and not stating proper federal claims (Doc. 11).

        Petitioner also filed a motion seeking a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). The undersigned issued findings and recommendations on July 30, 2010 (Doc. 16) that the Rhines stay be denied, however petitioner was provided 14 days to inform the court if he wished to proceed with a King/Kelly[1] stay to exhaust his First Amendment claim. However, the fourteen days has since passed and petitioner has not responded or otherwise communicated with the court. Therefore, the court will not consider a stay of this case

\\\\\

---

[1] King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

for petitioner to exhaust his First Amendment claim.[2]

II. Background

Petitioner challenges the 2008 decision of the Board of Parole Hearings (BPH) that denied him parole. There appears to be a discrepancy in the exact claims that petitioner is bringing in the instant federal petition. The petition certainly brings at least two claims: 1) the BPH's failure to find him suitable for parole violated his due process rights because it was not supported by 'some evidence;' and 2) the BPH's decision to defer his next parole consideration for four years violated his due process rights under the Fourteenth Amendment.

If liberally construed, the petition may also seek relief based on two more claims: the BPH's decision violated its own regulations (Petition at 3); and the BPH found him unsuitable for parole because he did not attend an Alcoholic Anonymous/Narcotic Anonymous, a religious based program, in violation of his First Amendment rights (Petition at 5).

III. Analysis

### Exhaustion - Legal Standard

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

It is not enough that all the facts necessary to support the federal claim were

---

[2] As petitioner did not request a King/Kelly stay, the undersigned raised the issue sua sponte, the undersigned need not issue findings and recommendations regarding this issue.

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

before the state courts, Picard, at 277, 92 S.Ct., at 513, or that a somewhat similar state-law claim was made.  See Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887 (1995).  The habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim.  Picard, supra, 404 U.S. at 275, 277-278, 92 S.Ct. at 512, 513-514.  See also, Rose v. Lundy, 455 U.S. 509, 102 S .Ct. 1198, 1204 (1982).

Petitioner has the burden of proving exhaustion of state court remedies and that in California a petitioner must present his claims to the California Supreme Court.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

Discussion

Respondent argues that no First Amendment claim was exhausted in state court. Petitioner clarifies in his opposition that he was not attempting to state a new claim, rather it was additional background information regarding another claim.  Though, petitioner states to the extent it could be construed as a new claim it was exhausted.  However, petitioner has failed to meet his burden in demonstrating that this claim was exhausted and a review of petitioner's habeas petition before the California Supreme Court does not reveal any First Amendment claim. Therefore, to the extent petitioner has stated a First Amendment claim in the instant petition, any such claim is unexhausted.

Plaintiff's claim that the BPH's decision to defer his next parole consideration for four years violated his due process rights under the Fourteenth Amendment was properly exhausted and is an appropriate claim in the instant federal petition.

In the motion to dismiss respondent argues that petitioner's claim that the BPH violated its own regulations is only based on state law and is not appropriately brought in the instant petition.  MTD at 3-4.  It is not even entirely clear if this is a claim in the petition.  Rather there is only one brief reference to the BPH's regulations.  Petition at 3.  To the extent this could be considered a claim, petitioner has not provided sufficient support to demonstrate that this

could be considered a federal claim. Rather it appears that the BPH has guidelines to aid in determining parole suitability and petitioner contends they did not follow these guidelines. Petitioner has not presented any federal claim to the California Supreme Court or in the instant petition regarding BPH's regulations and this claim should be dismissed.

Respondent also argues that petitioner's claim regarding the 'some evidence' standard is not appropriately brought in the instant case, because in the petition before the California Supreme Court petitioner sought relief regarding the 'some evidence' standard in light of the California State cases of In re Lawrence, 44 Cal. 4th 1181 (2008) and In re Rosenkrantz, 29 Cal. 4th 616 (2002). It should be noted that in both the petition before the California Supreme Court and the instant federal petition, petitioner stated that there was a violation of 'due process,' though he does not specify if it is pursuant to the state or federal constitution.

Petitioner filed the instant petition and all the relevant briefing was completed prior to the Ninth Circuit issuing a decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). While the Ninth Circuit Hayward decision was pending, the law was unsettled regarding parole cases. However, Hayward focused on the notion of 'some evidence' and held that this facet of due process itself created the authority of the federal courts to adjudicate in habeas jurisdiction, which facet did not even have to be federally derived, i.e., that the federal courts could enforce the state standard in the first instance. Hayward, 603 F.3d at 562-63. In light of the Ninth Circuit analysis, petitioner's discussion of 'due process' and 'some evidence' is sufficient to demonstrate that petitioner intended to state a federal claim.[4]

Therefore, petitioner's claims regarding the BPH regulations and the First Amendment should be dismissed. The petition should continue with the exhausted claims that 1)

---

[4] Hayward is the first case, to the undersigned's knowledge, where an appellate court found that the federal courts would enforce a state evidentiary standard within the context of a found, federal liberty interest arising in state law. Although the federal process due might dovetail with the state standard, the standard was applied because it was similar to the federal process due. However, since Hayward is the law of this circuit, citation of state law will suffice to raise the "some evidence" standard applicable in federal parole habeas cases.

the BPH's failure to find him suitable for parole violated his due process rights because it was not supported by 'some evidence;' and 2) the BPH's decision to defer his next parole consideration for four years violated his due process rights under the Fourteenth Amendment.

        IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Doc. 11) be granted in part, in that petitioner's claim regarding the BPH violating its own regulations and his First Amendment claim be stricken, and this petition continue on claims that 1) the BPH's failure to find petitioner suitable for parole violated his due process rights because it was not supported by 'some evidence;' and 2) the BPH's decision to defer petitioner's next parole consideration for four years violated his due process rights under the Fourteenth Amendment

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/07/10

        /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
loll3558.mtd2