IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH LOLLIS,

    Petitioner,                   No. CIV S-09cv3558 MCE GGH P

    vs.

J.W. HAVILAND, et al.,

    Respondents.              <u>ORDER</u>

                             /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. On September 7, 2010, the undersigned issued findings and recommendations that some of petitioner's claims be dismissed but other claims continue in response to a motion to dismiss.[1]  Doc. 17. The district judge assigned to this case issued a further briefing order to which respondent filed briefing, but the findings and recommendations have not been adopted or denied.

---

[1] Petitioner alleged that: 1) the BPH's failure to find petitioner suitable for parole violated his due process rights because it was not supported by 'some evidence;' 2) the BPH's decision to defer petitioner's next parole consideration for four years violated his due process rights under the Fourteenth Amendment; 3) First Amendment violation; and 4) the BPH violated its own regulations

1

On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.   While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding), the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at *2.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, at *2.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout, at *3.  "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id.

---

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

2

"No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.

Therefore, the parties have twenty-one days to provide simultaneous supplemental briefing, in light of the very recent decision noted above, demonstrating why the instant petition should not be dismissed. The court will not look with favor upon requests for extensions of time.

Accordingly, IT IS HEREBY ORDERED that:

The parties have twenty-one days to provide simultaneous supplemental briefing, in light of the very recent decision noted above, demonstrating why the instant petition should not be dismissed. The court will not look with favor upon requests for extensions of time.

DATED: January 27, 2011          /s/ Gregory G. Hollows

   _____
   GREGORY G. HOLLOWS
   UNITED STATES MAGISTRATE JUDGE

GGH: AB
loll3558.parole.osc