IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH LOLLIS,

    Petitioner,                   No. CIV S-09-3558 MCE GGH P

    vs.

J.W. HAVILAND, et al.,

    Respondent.             FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 28, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. \_\_\_, \_\_\_ S. Ct. \_\_\_, 131 S. Ct. 859, 861 (2011).[1]

        Respondent timely filed briefing but petitioner has not responded to the court's

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. \_\_\_, \_\_\_ S. Ct. \_\_\_, 2011 WL 197627 *2 (Jan. 24, 2011)

1

order. For the reasons set forth in the prior order, it appears there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[2] Petitioner's claim based on an alleged violation of California's "some evidence" requirement should therefore be denied.

Petitioner also alleges that the BPH decision to defer his next parole consideration for four years violated his due process rights under the Fourteenth Amendment. This claim should be dismissed without prejudice in light of the class action, <u>Gilman v. Fisher</u>, CIV-S-05-0830 LKK GGH. The parameters of the <u>Gilman</u> class, as is made clear in the <u>Order</u> certifying the class, include petitioner. <u>Order</u>, filed on March 4, 2009, in <u>Gilman v. Fisher</u>, CIV-S-05-0830 LKK GGH.[3]

The <u>Gilman</u> class is made up of:

> California state prisoners who: "(i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions."

<u>Id</u>., p. 10.[4]

What is at issue in the suit are alleged violations of the Ex Post Facto clause and the Fourteenth Amendment Due Process Clause with respect to "the <u>procedures</u> used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings." <u>Id</u>., p. 8 [emphasis in original]. The "frequency of the hearings" is

---

[2] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." <u>Superintendent v. Hill</u>, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[3] See Docket # 182 of Case No. 05-CV-0830.

[4] The Ninth Circuit affirmed the <u>Order</u>, certifying the class. See Docket # 258 in Case No. 05-CV-0830.

1 | what is at issue in petitioner's claim.

2 |       Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied, though petitioner's Fourteenth Amendment claim is denied without prejudice as he is part of the Gilman class action as described above.

      If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 16, 2011      /s/ Gregory G. Hollows

      _____
      GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

GGH: AB
loll3558.dis