IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH LOLLIS,

    Petitioner,                  No. CIV S-09-3558 MCE GGH P

    vs.

J. W. HAVILAND,

    Respondent.               ORDER TO SHOW CAUSE

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On March 17, 2011, the undersigned issued findings and recommendations that this petition be denied. The undersigned found that petitioner's claim based on a violation of California's "some evidence" standard should be denied in light of Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859 (2011). The undersigned recommended that petitioner's Fourteenth Amendment claim regarding the BPH's decision to defer his next parole hearing for four years[1]

---

[1] Petitioner was challenging "Marsy's Law" that changed California Penal Code § 3041.5(b)(2) that resulted in sometimes less-frequent parole hearings for inmates who have served enough of their sentence to be at least eligible for parole.

should be denied without prejudice, in light of the Gilman class action.  The undersigned stated:

> This claim should be dismissed without prejudice in light of the class action, Gilman v. Fisher, CIV-S-05-0830 LKK GGH.  The parameters of the Gilman class, as is made clear in the Order certifying the class, include petitioner.  Order, filed on March 4, 2009, in Gilman v. Fisher, CIV-S-05-0830 LKK GGH.[1]
>
> > The Gilman class is made up of:
> > California state prisoners who: "(i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions."
>
> Id., p. 10.[2]
>
> What is at issue in the suit are alleged violations of the Ex Post Facto clause and the Fourteenth Amendment Due Process Clause with respect to "the procedures used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings."  Id., p. 8 [emphasis in original].  The "frequency of the hearings" is what is at issue in petitioner's claim.

---

[1] See Docket # 182 of Case No. 05-CV-0830.

[2] The Ninth Circuit affirmed the Order, certifying the class.  See Docket # 258 in Case No. 05-CV-0830.

March 17, 2011, Order in Lollis v. Haviland, CIV-S-09-3588 MCE GGH P.

In Valdiosera v. Swarthout, CIV-S-09-3055 MCE GGH (TEMP) P, the undersigned recommended that petitioner's ex post facto claim regarding his three year parole denial pursuant to Marsy's Law be denied as it was not appropriately brought in a habeas corpus petition and the undersigned referenced the Gilman class action.  See March 3, 2011, Findings and Recommendations.  The district judge rejected the undersigned's finding that such a challenge had to be brought in 42 U.S.C. § 1983 action rather than a 28 U.S.C. § 2254 habeas action and remanded the case for further consideration.  See May 16, 2011, Order.  There was no mention of the Gilman class action.

However, the district court judge assigned to the cases cited above found as follows with respect to an ex post facto challenge to "Marsy's Law" in a § 2254 action:

\\\\

     A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979). See also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudication."). Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another court handling a prior certified action." Crawford, 599 F.2d at 892 (quoting Tate v. Werner, 68 F.R.D. 513, 520 (E.D. Pa 1975). Moreover, "increasing calender congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties."

     A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result. Id. at 893. Pursuant to the above authorities, Petitioner's Ex Post Facto claim is thus precluded.[1]

---

[1] If Petitioner wishes to pursue his ex post facto challenge individually, he may attempt to opt out of the Gilman class action. McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2d Cir. 2009) (recognizing that district courts have discretion to grant opt-out rights); Penson v. Terminal Transp. Co., Inc., 634 F.2d 989, 993 (5th Cir. 1981) ("[A]lthough a member of a class certified under [Federal Rule of Civil Procedure] 23(b) has no absolute right to opt out of the class, a district court may mandate such a right pursuant to its discretionary power under Rule 23.").

May 4, 2011 Order in Cook v. Swarthout, CIV-S-10-2744 MCE GGH P.

     In light of the foregoing, IT IS HEREBY ORDERED that petitioner show cause within twenty-one days why petitioner's "Marsy's Law" claim should not be stayed pending the outcome of the same claim in Gilman v. Fisher, CIV-S-05-0830 LKK GGH P. Respondent may file a response to petitioner's brief within seven days of service thereof. Petitioner's failure to

\\\\

\\\\

respond to this order will result in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

DATED: June 3, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
loll3558.osc2